SO ORDERED.

Dated: November 16, 2020

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re** | Chapter 11 proceedings |
| **LANDAU BKN HOLDINGS, LLC, an Arizona limited liability company,** | Case No.: 2:20-bk-04622-DPC<br>Case No.: 2:20-bk-06897-DPC<br>Case No.: 2:20-bk-06955-DPC |
| **Debtor.** | (Jointly Administered) |
| **CHAD MICHAEL LANDAU,** | Adversary No.: 2:20-ap-00169-DPC |
| **Debtor.** | |
| **KAREN DORIS, LLC, an Arizona limited liability company,** | **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **Debtor.** | (Not for Publication- electronic Docketing ONLY)[1] |
| **CHAD LANDAU, an individual and on behalf of BRIDGE ENTERTAINMENT, LLC, an Arizona limited liability company; BKN INVESTMENTS, LLC, an Arizona limited liability company; BKN REAL ESTATE, LLC, an Arizona limited liability company; CS CHANDLER REAL ESTATE, LLC, an Arizona limited liability company; DIEGO POPS, LLC, an Arizona limited liability company; DIEGO POPS HOLDINGS, LLC, an Arizona limited liability company; SCOTTSDALE ROAD RESTAURANT, LLC, an Arizona limited liability company; JOHN MOON, an individual; EDUARDO ESCOBAR, an individual; KAREN DORIS, LLC, an** | |

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

| | |
|---|---|
| 1 | **Arizona limited liability company; D2W, LLC, an Arizona limited liability company,** ) ) |
| 2 | ) |
| 3 | **Plaintiff,** ) ) **v.** ) |
| 4 | ) **RYAN JOCQUE and CAITLIN JOCQUE,** ) |
| 5 | **husband and wife,** ) ) |
| 6 | **Defendants.** ) |

Defendants Ryan Jocque ("Jocque") and Caitlin Jocque (hereinafter "Defendants") seek partial summary judgment[2] on Counts 4 and 5 in Plaintiff, John Moon's ("Moon") Complaint.[3] The Complaint in this Adversary Proceeding contends Jocque made material misrepresentations and breached fiduciary duties owed to Moon by mischaracterizing as a loan Moon's $370,000 contributed to gain a 40% ownership interest in CS Chandler Real Estate, LLC ("CSCRE"). The Court now grants the Motion.

## I. BACKGROUND

Chad Michael Landau ("Landau") filed bankruptcy in June 2020.[4] Moon initiated this Adversary Proceeding by removing the State Court Action to the United States Bankruptcy Court for the District of Arizona. After Moon removed the State Court Action to this Court, Defendants filed their Motion,[5] Moon filed his response,[6] and Defendants filed a reply.[7] The Court heard oral argument on the Motion and took the matter under advisement.

---

[2] DE 22, Defendants' Motion (the "Motion") for Partial Summary Judgment. "DE" references a docket entry in this adversary proceeding 2:20-ap-00169-DPC (the "Adversary Proceeding").
[3] DE 1, Verified Complaint for (I) Breach of Contract; (II) Breach of Fiduciary Duty; (III) Common Law Fraud; (IV) Scheme or Artifice to Defraud; (VI) Racketeering/Civil Rico (the "Complaint").
[4] BKN Holdings, LLC ("BKN") filed bankruptcy in May 2020, and Karen Doris, LLC ("Doris") filed bankruptcy in June 2020. On June 18, 2020, the Court entered an Order Directing Joint Administration, Use of a Consolidated Caption, and Assigning Cases to Honorable Judge Daniel P. Collins. In this Order, the Court allowed for the joint administration of BKN Holdings, Karen Doris, and Debtor's bankruptcy cases under Case No. 2:20-bk-04622-DPC. See DE 21 from the BKN administrative Case No. 2:20-bk-04622-DPC.
[5] DE 22.
[6] DE 29.
[7] DE 25.

## II. FACTS

For the purpose of resolving Defendants' Motion, the relevant undisputed facts are as follows:

    A.    In August 2013, Moon transferred $370,000 to CSCRE.[8]

    B.    Moon's August 2013 agreements with CSCRE were never reduced to writing.[9]

    C.    Moon intended his $370,000 to be a capital contribution in CSCRE and was told by Jocque (presumably in August 2013) it would be so.[10]

    D.    In January 2014, Mr. Holcomb (CSCRE's legal counsel) emailed Moon indicating that Moon purchased 40% of CSCRE with his $370,000 contribution.[11]

    E.    "[J]ocque told Moon in October of 2014 that Moon did not own any equity in CSCRE or the Chandler Building and that the $370,000 Moon paid to CSCRE was a 'loan' that would be repaid."[12]

    F.    On May 9, 2018, Moon, along with Landau and ten other plaintiffs, filed the Complaint against Defendants in in the Arizona Superior Court, Maricopa County at Case No. CV2018-007262 ("State Court Action") asserting eighteen (18) claims for relief to determine whether Defendants breached a fiduciary duty, breached the operating agreements, participated in a pattern of unlawful activity, failed to allow for accounting/inspection of records upon proper request, and committed common law fraud regarding the management of several business entities.[13]

    G.    In Count 4 of the Complaint, Moon alleges that: (1) "[Defendants] occupied a fiduciary position vis-à-vis [Moon];" and (2) "[Defendants] breached the fiduciary duties owed to [Moon]" by re-characterizing "[Moon's] $370,000 capital contribution as a loan" and repaying "[Moon] $100,000.00 on account of the recharacterized capital contribution."[14] In Count 5, Moon alleges that Defendants materially misrepresented to Moon that: (1) the $370,000 Moon

---

[8] DE 1, Complaint at ¶ 71.
[9] DE 29, Moon's Response, Ex. 2 at ¶ 12.
[10] DE 1, Complaint at ¶ 72.
[11] DE 29, Moon's Response, Ex. 7.
[12] DE 1, Complaint at ¶74; DE 29, Moon's Response, Ex. 1 at ¶¶ 23 and 27; Defendants' Statement of Facts at ¶37.
[13] DE 1, Complaint.
[14] DE 1, Complaint at ¶¶ 249-52.

transferred to CSCRE "would be a capital contribution;" (2) as a result of his alleged contribution, "[Moon] would receive 40% ownership interest in CSCRE;" and (3) "[Moon's] 40% ownership interest would be split 20% going to [Moon] and 20% going to [Landau]."[15] In the State Court Action, discovery began but the court did not enter a final order on any of the claims of relief.

H. It was not until March 2017 that Moon first saw the February 2014 email chain between Jocque and Ms. Kaminskas where Jocque indicated that Moon owned an equity interest in CSCRE.[16]

### III. JURISDICTION

Pursuant to 28 U.S.C. § 1334(b), the District Court has original jurisdiction of all civil proceedings arising under, arising in, or related to cases under Title 11. Pursuant to 28 U.S.C. § 1452(a), a party may remove any cause of action in a civil action to the District Court for the District where such civil action is pending, if such District Court has jurisdiction of the cause of action under § 1332. Moon removed the State Court Action to the United States Bankruptcy Court for the District of Arizona under Fed. R. Bankr. P. 9027. Pursuant to General Order 01-15, the District Court for the District of Arizona has referred all cases and proceedings under Title 11 or arising in or related to a case under Title 11 to the Bankruptcy Court for this District. Pursuant to 28 U.S.C. § 157(c)(1), this Court has "related to" jurisdiction over the removed case.[17]

### IV. ISSUE

Whether Defendants are entitled to partial summary judgment on Counts 4 and 5 of the Complaint because those claims are time barred.

---

[15] DE 1, Complaint at ¶ 253-62.
[16] DE 29, Moon's Response at page 4, lines 20-22, Ex. 1 at ¶¶ 28-29, and Ex. 9. Those emails simply confirmed what Moon acknowledges had already been told to him by Jocque (in October 2014) and Mr. Holcomb (in early 2014) and what Moon already knew, or believed, namely that he owned an equity interest in CSCRE.
[17] The Court earlier denied Defendants' Motion for Remand and held this Court has "related to" jurisdiction over this removed case due to Defendants' counterclaims against some of the debtor plaintiffs and their claims filed in the administrative portion of these bankruptcy proceedings. The Court found the factors to be considered for equitable remand weighed in favor of denying the Motion to Remand. *In re Cedar Funding, Inc.*, 419 B.R. 807, 820-21, 820 n.18 (9th Cir. B.A.P. 2009).

## V. ANALYSIS

### A. Summary Judgment Standards

Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[18] An issue is "genuine" only if there is an evidentiary basis on which a reasonable fact finder could find in favor of the non-moving party.[19] A dispute is "material" only if it could affect the outcome of the suit under governing law.[20] At the summary judgment stage, the court does not weigh the evidence or determine the truth of the matter but determines whether there is a genuine issue for trial.[21]

### B. Applicable Statutes of Limitation

In Arizona, the statute of limitations for breach of fiduciary duty (Count 4 of the Complaint) is two years under A.R.S. § 12-542, and three years for fraud (Count 5 of the Complaint) under A.R.S. § 12-543. In general, a cause of action accrues, and the statute of limitations commences when one party is able to sue another.[22] Arizona, however, recognizes a "discovery rule" for certain claims so that a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause.[23]

### C. "Discovery Rule" Analysis

The Parties dispute whether the $370,000 transferred by Moon to CSCRE in August 2013 was a loan or a capital contribution. Defendants assert that, whether Moon made a loan or a capital contribution to CSCRE is immaterial because Moon's cause of action, if any, accrued no later than October 2014 when Moon knew his $370,000 transferred to CSCRE was being treated by

---

[18] Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 provides that Rule 56 of Fed. R. Civ. P. applies in adversary proceedings.
[19] *In re Marciano*, 459 B.R. 27, 51 (9th Cir. B.A.P. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[20] *Id*. at 52.
[21] *Id*.
[22] *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Amer.,* 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995) (citations omitted).
[23] *Doe v. Roe,* 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998).

1 Jocque as a loan to CSCRE and, therefore, Moon's causes of action for breach of fiduciary duty
2 and fraud began to accrue at that time. Since Moon did not bring those claims until May 2018,
3 Defendants' claim these causes of action are time barred.[24] Moon contends that his causes of
4 action accrued in March 2017, when he first saw the February 2014 emails by Jocque stating
5 Moon had an equity interest in CSCRE.

Even if it was not until March 2017 that Moon first saw February 2014 emails indicating that Moon owned an interest in CSCRE, those emails simply confirmed what Moon acknowledges had already been told to him by Jocque (in 2013) and Holcomb (in early 2014) and what Moon already knew or believed, namely that he owned an equity interest in CSCRE.

While the Parties submit numerous "facts" in their respective statements of facts in support of or in opposition to Defendants' Motion, the facts outlined in Section II above unequivocally demonstrate that, no later than October 2014, Moon knew he was not going to be permitted by Jocque to participate in CSCRE as an equity holder. This is contrary to what Jocque and Holcomb had earlier told Moon and contrary to what Moon claims to have intended. It was then that Moon's causes of action for breach of fiduciary duty and/or fraud, if any, began to accrue for the purposes of the applicable statutes of limitations.

## VI. CONCLUSION

It is undisputed that Moon discovered in October 2014, through Jocque, that Moon did not have an equity interest in CSCRE. This was contrary to what Moon believed, what he was told by Jocque, and what Mr. Holcomb, CSCRE's legal counsel, had told him in early 2014. Moon's causes of action against Defendants for fraud or breach of fiduciary duty accrued, at the latest, in October 2014. Since Moon's claims of breach of fiduciary duty and fraud asserted in Counts 4 and 5 of the Complaint were not brought until May 9, 2018, these causes of action are time-barred under A.R.S. §§ 12-542 and 12-543.

Nothing in this Order is meant to resolve the question of whether Moon's $370,000 transfer to CSCRE was a loan or a capital contribution. This Order only resolves Moon's breach

---

[24] DE 22, the Motion at lines 12-13, and page 3, lines 4-7.

of fiduciary duty and fraud claims (Counts 4 and 5 of the Complaint) against Defendants. Those claims are stale and are barred by Arizona statutes of limitation.

Based upon the foregoing, **IT IS HEREBY**

**ORDERED** that Defendants' Motion for Partial Summary Judgment as to Moon's Counts 4 and 5 against Defendants in the Complaint is hereby **GRANTED**.[25]

**DATED AND SIGNED ABOVE.**

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Interested parties

---

[25] Because Counts 4 and 5 of the Complaint are resolved on statute of limitation grounds, this Court need not address Defendants' argument that Moon's claims are barred by the statute of frauds since the agreements with CSCRE were not in writing.